EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
LELSYN ROMAN,

                       Plaintiff,

-against-

ANTHONY B. LEAR, NATIONAL DCP, LLC., and
RYDER TRUCK RENTAL, INC.,

                       Defendants.
-----------------------------------------------------------------------X

Index No.:

**SUMMONS**

Filed in Supreme Court, Bronx
County on _____.

## To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, of if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates Queens County as the venue for trial. The basis of venue is plaintiff's residence. Plaintiff resides at 3135 Gunther Avenue, Bronx, New York 10469.

Dated: Astoria, New York
        October 26, 2020

Yours, etc.,

LAW OFFICES OF MARC S. ALBERT

By:    Marc S. Albert, Esq.
       Attorney for Plaintiff
       LELSYN ROMAN
       32-72 Steinway Street
       Astoria, NY 11103
       (347) 472-5080

To:

ANTHONY B. LEAR
5027 Elvena Avenue
Pennsauken, NJ 08109

NATIONAL DCP, LLC.
11 Petra Lane
Colonie, New York 12295

RYDER TRUCK RENTAL, INC.
c/o Corporate Creations Network Inc.
600 Mamaroneck Avenue, Suite 400
Harrison, New York 10528

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
LELSYN ROMAN,

                Plaintiff,                      **VERIFIED COMPLAINT**

  against                                            Index No.:

ANTHONY B. LEAR, NATIONAL DCP, LLC., and
RYDER TRUCK RENTAL, INC.,

                Defendants.
-----------------------------------------------------------------X

       Plaintiff, LELSYN ROMAN by his attorneys, LAW OFFICES OF MARC S. ALBERT, complaining of the defendants herein, respectfully alleges, upon information and belief, as follows:

## PARTIES AND JURISDICTION

      1.     At all times herein mentioned, plaintiff LELSYN ROMAN was and still is a resident of the County of Bronx and State of New York.

      2.     At all times herein mentioned, defendant, ANTHONY B. LEAR was and still is a resident of the County of Camden, State of New Jersey.

      3.     At all times herein mentioned, defendant NATIONAL DCP, LLC. was and still is a domestic corporation duly licensed under the laws of the State of New York.

      4.     At all times herein mentioned, defendant NATIONAL DCP, LLC. resided in the County of Albany, State of New York.

      5.     At all times herein mentioned, defendant RYDER TRUCK RENTAL, INC. was and still is a foreign corporation duly licensed to conduct business in and by virtue of the laws of the State of New York.

6. At all times herein mentioned, defendant RYDER TRUCK RENTAL, INC. rented trucks for use and operation in the State of New York.

7. The automobile accident which is the subject of this action occurred on May 5, 2020 in the County of Westchester and State of New York.

8. Under the facts and circumstances of this case and pursuant to CPLR §503, venue and jurisdiction are proper in this Court.

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF LELSYN ROMAN

9. Plaintiff LELSYN ROMAN repeats, realleges and reiterates each and every allegation contained within paragraphs numbered "1" through "8" of this complaint as though more fully set forth herein at length.

10. On May 5, 2020 and at all times herein mentioned, defendant NATIONAL DCP, LLC. was the owner of a 2013 Fright Truck bearing Indiana State registration number 2685837.

11. On May 5, 2020 and at all times herein mentioned, defendant RYDER TRUCK RENTAL, INC. was the owner of a 2013 Fright Truck bearing Indiana State registration number 2685837.

12. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR operated the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

13. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR operated the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837 with the knowledge of its owner, NATIONAL DCP, LLC.

14. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR operated the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837 with the knowledge of its owner, RYDER TRUCK RENTAL, INC.

15. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR operated the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837 with the permission and consent of its owner, NATIONAL DCP, LLC.

16. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR operated the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837 with the permission and consent of its owner, RYDER TRUCK RENTAL, INC.

17. On May 5, 2020 and at all times hereinafter mentioned, defendant NATIONAL DCP, LLC. managed the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

18. On May 5, 2020 and at all times hereinafter mentioned, defendant NATIONAL DCP, LLC. controlled the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

19. On May 5, 2020 and at all times hereinafter mentioned, defendant NATIONAL DCP, LLC. maintained the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

20. On May 5, 2020 and at all times hereinafter mentioned, defendant NATIONAL DCP, LLC. repaired the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

21. On May 5, 2020 and at all times hereinafter mentioned, defendant RYDER TRUCK RENTAL, INC. managed the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

22. On May 5, 2020 and at all times hereinafter mentioned, defendant RYDER TRUCK RENTAL, INC. controlled the aforesaid 2013 Fright Truck bearing Indiana State registration

number 2685837.

23. On May 5, 2020 and at all times hereinafter mentioned, defendant RYDER TRUCK RENTAL, INC. maintained the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

24. On May 5, 2020 and at all times hereinafter mentioned, defendant RYDER TRUCK RENTAL, INC. repaired the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

25. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR managed the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

26. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR controlled the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

27. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR maintained the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

28. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR repaired the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837.

29. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR was an employee of defendant NATIONAL DCP, LLC. who was acting within the scope of his employment as a truck driver at the time of the subject accident.

30. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR was an employee of defendant RYDER TRUCK RENTAL, INC. who was acting within

the scope of his employment as a truck driver at the time of the subject accident.

31. On May 5, 2020 and at all times hereinafter mentioned, defendant RYDER TRUCK RENTAL, INC. rented the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837 to defendant NATIONAL DCP, LLC.

32. On May 5, 2020 and at all times hereinafter mentioned, defendant RYDER TRUCK RENTAL, INC. leased the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837 to defendant NATIONAL DCP, LLC.

33. At all times hereinafter mentioned, Tuckahoe Road in the City of Yonkers, County of Westchester and State of New York, was a public roadway and/or thoroughfare for the use of motor vehicles in general.

34. On May 5, 2020 and at all times hereinafter mentioned, plaintiff LELSYN ROMAN was operating a 2006 BMW motor vehicle bearing New York State registration number EWC7052 at or about the aforesaid location.

35. On May 5, 2020 and at all times hereinafter mentioned, defendant ANTHONY B. LEAR was operating the aforesaid 2013 Fright Truck bearing Indiana State registration number 2685837 at or about the aforementioned location.

36. That on May 5, 2020, at or about the above-mentioned location, the aforesaid 2013 Fright Truck being operated by defendant ANTHONY B. LEAR came into contact with the aforesaid BMW motor vehicle being operated by plaintiff.

37. That as a result of the aforesaid contact, plaintiff LELSYN ROMAN was seriously injured.

38. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff contributing

thereto.

39. The defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, control and repair of their truck; in failing to drive in a reasonably safe manner given the attendant circumstances; in failing to keep the aforesaid truck under reasonable and proper control; in failing to operate the aforesaid truck with due regard for the safety of the public and others; in driving at an excessive rate of speed given the attendant circumstances; in failing to apply brakes; in failing to timely apply brakes; in failing to keep a proper lookout ahead and to the sides; in failing to observe what was available to be observed; in failing to observe the plaintiff; in failing to follow the rules of the road; in failing to avoid contact with and yield the right of way to the plaintiff's vehicle; in operating their aforesaid truck in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided, including but not limited to several sections of the Vehicle and Traffic Law; in failing to follow the rules of the road; and in striking the plaintiff's motor vehicle at the above location.

40. That by reason of the foregoing, plaintiff LELSYN ROMAN sustained severe and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to her nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff, LELSYN ROMAN, was otherwise damaged.

41. That plaintiff LELSYN ROMAN sustained serious injuries as defined in Subdivision (d) of §5102 of the Insurance Law-Recodification.

42. That plaintiff LELSYN ROMAN sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.

43. That plaintiff LELSYN ROMAN is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

44. That this action falls within one or more of the exceptions set forth in CPLR ξ1602.

45. That as a result of the defendants' negligence as aforesaid, plaintiff, LELSYN ROMAN has been damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, plaintiff LELSYN ROMAN demands judgment against the defendants a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action, together with costs and disbursements of this action.

Dated: Astoria, New York
October 26, 2020

Yours, etc.,

LAW OFFICES OF MARC S. ALBERT

By: Marc S. Albert, Esq.
Attorney for Plaintiff
LELSYN ROMAN
32-72 Steinway Street
Astoria, NY 11103
(347) 472-5080

STATE OF NEW YORK, COUNTY OF NEW YORK    ss:

    I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

DATED: Astoria, New York
          October 26, 2020

MARC S. ALBERT