USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
LESLYN ROMAN,                                                  :
:
Plaintiff,                          :
:
-against-                                    :    1:22-cv-5623-GHW
:
ANTHONY B. LEAR, NATIONAL DCP, LLC        :        ORDER
and RYDER TRUCK RENTAL, INC.,                      :
:
Defendants.  :
:
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

This action was removed from the Supreme Court of the State of New York, County of Bronx, on July 1, 2022. Dkt. No. 1. As the basis for this Court's subject matter jurisdiction, Anthony B. Lear and National DCP, LLC (the "Defendants") invoked 28 U.S.C. § 1332, asserting that the parties were diverse and the amount in controversy was over $75,000. *Id.* at 3-4. "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

By Order to Show Cause dated July 8, 2022, the Court advised Defendants that the Notice of Removal did not sufficiently allege complete diversity of the parties. Dkt. No. 6. The Order to Show Cause stated:

> To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). National DCP, LLC is a limited liability company. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).
>
> Defendants fail to properly allege the citizenship of the members of National DCP,

> LLC. In the petition for removal, Defendants allege that National DCP, LLC is "a Delaware limited liability company organized and existing by virtue of the laws of the State of Delaware, with a primary place of business and nerve center located in Deluth, Georgia." Dkt. No. 1 at 4. Defendants provide no information regarding the citizenship of the members of National DCP, LLC. Thus, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

*Id.*

On July 13, 2022, Defendants filed a response to the Order to Show Cause, stating that "one of the members of the National DCP, LLC would no longer render this action removable to federal court" and that Defendants "will not oppose the Court's remand back to the Supreme Court of the State of New York." *Id.* Because Defendants concede that this Court does not have subject matter jurisdiction, this matter is remanded to the Supreme Court of the State of New York, County of Bronx. In a case that has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Clerk of the Court is directed to (1) remand this matter to the Supreme Court of the State of New York, County of Bronx, pursuant to 28 U.S.C. § 1447(c), without delay and (2) close this case.

SO ORDERED.

Dated: July 14, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge